JOSEPH C. HARRIS, Respondent, *v.* LANDAY BROS., INC., Appellant.

(Supreme Court, Appellate Term, First Department, October, 1916.)

Evidence — in action to recover commissions — sales — pleading — when judgment entered on verdict reversed.

In an action to recover commissions for selling certain phonographs, defendant claimed that plaintiff's assignor pretended to get orders from a dealer who was entitled under the schedule of prices to cheaper prices than retail dealers were entitled to

and sold the goods to them, thus swelling his commissions and in some cases pocketing the proceeds, but ultimately finding that it had no claim either against the dealer or against the retailers defendant counterclaimed for the value of the goods that it had shipped pursuant to this alleged fraudulent claim. On cross-examination, plaintiff's assignor admitted that he had collected money from a retailer which he had not turned over to defendant and testified that he could not tell in how many instances this had occurred, but claimed that he had turned over the money to the dealer who was charged with the goods and who was defendant's supposed customer, but the dealer flatly denied this. Held, that the court's refusal to permit defendant to impeach plaintiff's assignor on cross-examination by asking him whether in his employment preceding that by defendant he had collected money belonging to that employer and failed to turn it over was prejudicial error for which a judgment in favor of plaintiff entered on a verdict should be reversed and a new trial ordered.

BIJUR, J., dissents.

APPEAL by defendant from a judgment of the City Court of the city of New York in favor of plaintiff entered upon the verdict of a jury and from an order denying a motion for a new trial.

Abraham Benedict, for appellant.

Maxwell Arent (George R. Simpson, of counsel), for respondent.

SHEARN, J.    Plaintiff sues on an assigned claim to recover commissions due one Silverman for selling phonographs. Defendant's claim is that Silverman pretended to get orders from a dealer who was entitled under the schedule of prices to cheaper prices than retail dealers were entitled to and then sold the goods to retailers, thus swelling his commissions and in some cases pocketing the proceeds. The defendant, ultimately finding that it had no claim either against the dealer or against the retailers, counterclaimed for the

value of the goods that it had shipped pursuant to this alleged fraudulent claim.   In one instance, Silverman on cross-examination admitted that he had collected money from a retailer which he had not turned over to the defendant and said that he could not tell in how many instances this had occurred.   He claimed, however, that he had turned over the money to one Davis, the dealer who was charged with the goods and who was defendant's supposed customer.   Davis flatly denied this.   Obviously, Silverman's honesty and veracity were sharply in issue and of controlling importance.   Nevertheless, the court refused to permit the defendant to impeach Silverman on cross-examination by asking him whether in his employment preceding that by the defendant he had collected money belonging to that employer and failed to turn it over.   If Silverman had denied this, the defendant could not have contradicted the answer, but if he had admitted the fact it would naturally have resulted in a verdict for the defendant where the issue turned upon the question of his honesty.   The error is manifest and it was prejudicial.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.

Guy, J., concurs.

Bijur, J. (dissenting).   I dissent.   The alleged error for which this judgment is about to be reversed consists in the exclusion of a question assumed to be directed toward impeaching the plaintiff's credibility. The record in this connection reads as follows:

After the plaintiff had rested, and defendant's motion for a non-suit had been denied, the plaintiff was recalled for further cross-examination.   The following then transpired: " Mr. Benedict: I said, for further

cross-examination. The Court: In the discretion of the Court, the witness is recalled. By Mr. Benedict: Q. Before you were employed by the defendants, were you employed by Thomas A. Edison, Incorporated? Mr. Simpson: I object. The Court: Yes or no? A. Yes, sir. Q. When? A. Previous to 1914. Q. Was that in the sale of phonographs and similar supplies? A. Yes, sir. Q. Did you collect — Mr. Simpson: I object. The Court: If in relation to any transactions between the Edison Company, Incorporated, and this witness, I will not allow it. Mr. Benedict: It is cross-examination on the question of credibility. The Court: Ask the question. Q. Did you collect a sum of money for Thomas A. Edison, Incorporated, while employed by them, and fail to turn it over? Mr. Simpson: I object. [Objection sustained, exception taken by the defendants.] "

The question as to the witness' previous employment: " Was that in the sale of phonographs and similar supplies? " was manifestly intended to supply some analogy between the witness' conduct in a previous *similar* employment and in the instant case. As such the matter was immaterial, and the court's explanation that further questions as to the witness' transactions with his previous employer would not be allowed was pertinent and correct. It was then that counsel for defendant remarked: " It is cross-examination on the question of credibility," and the court thereupon directed that the question should be asked. Then followed the question the exclusion of which is alleged to be erroneous. But that question standing by itself, even if answered in the affirmative, would not have indicated moral turpitude or any vicious conduct so as to impeach the witness' credibility and counsel for defendant did not pursue the sub-

ject either by offer to elaborate the question or to connect it with improper conduct by further questions.

There is no doubt as to the rule so clearly expressed in *People* v. *Webster,* 139 N. Y. 73, 84, that an appropriate question directed to bring out " any vicious or criminal act " of the witness' life is proper. In my view, however, the question here excluded cannot properly be so described, and upon the record as I find it I see no error in its exclusion, without even adverting to the further consideration (pointed out in the *Webster* case) that " The extent to which disparaging questions, *not relevant to the issue,* may be put upon cross-examination, is discretionary with the trial court, and its rulings not subject to review here unless it appears that the discretion was abused." As the question was originally put, it was not relevant to the issue at all, for it seemed to indicate an intention to bring out dishonesty on the part of the plaintiff in a previous employment similar to the employment in the instant case, and to be directed not toward impeaching the credibility of the witness, but to furnishing immaterial and therefore improper confirmation of his alleged dishonesty in the instant case. After counsel's explanation that it was directed toward impeaching the witness' credibility, the question as framed did not appropriately present that issue.

I am unable to appreciate the reference made in the majority opinion in this connection to the fact that the issue in the instant case turned upon the plaintiff's honesty.

The judgment should be affirmed.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.